# Thomas v. Scotch Woolen Mills Company.

The defendant being a firm of natural persons doing business as the Scotch Woolen Mills, the service of process on the Superintendent and Manager is not such a service as is authorized by the statute.

### SERVICE OF SUMMONS—RECORD OF JUSTICE.

No. 24, October Term, 1901, C. P. Luzerne County.
Certiorari.
D. R. Reese, Esq., for plaintiff.
James R. Scouton, Esq., for defendant.
Opinion by G. L. HALSEY, A. L. J., Nov. 11, 1901.

## EXCEPTIONS:

1. The record is defective in not showing whether the defendant is an individual, co-partnership, joint stock company, an incorporated company or a corporation.

2. The record is defective in not showing a service on W. D. King.

3. The Justice in this case made up a false and fraudulent record and is guilty of misconduct in setting out in his transcript that a certain person appeared for the Scotch Woolen Mills Company when in fact no one was authorized to appear in said case.

4. The record is false and fraudulent in setting out that E. N. Cornell was the superintendent and manager of defendant company when in fact said Cornell was simply an employe of W. D. King who was carrying on business as an individual under the firm name of Scotch Woolen Mills Company and under the law, service should have been made on him.

5. The Justice was without jurisdiction in the above case, for he was acting as agent of the plaintiff.

6. General exceptions.

## OPINION:

The defendant here is named The Scotch Woolen Mills. The presumption is that the defendant is an organization of

Thomas v. Scotch Woolen Mills Company.

natural persons and not incorporated. If incorporated, it became the duty of the Magistrate, as a matter of record, to so indicate it. The defendant being a firm of natural persons, the service of process is governed by the statute, and the statute does not permit the service of process upon a natural person such as the return shows here, namely: "Served the defendant on May 11, 1901, on Mr. Cornell, the superintendent and manager of the Scotch Woolen Mills, at their place of business, and left a true copy of the same with Mr. Cornell, their superintendent and manager, informing him of the contents thereof." It was not a service that is authorized by statute. The Magistrate, at the hearing, says that the defendant was represented by W. B. Koons and R. J. Blair. The record does not show what relation W. B. Koons and R. J. Blair bore to the defendants—whether they were Attorneys at Law, Attorneys by virtue of power granted to them, or were Agents of the defendants. Unless the record shows by what authority they appeared for the defendants, it is defective, as this is an essential of the record.

The exceptions are sustained and the proceedings reversed.